**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

| | |
|---|---|
| MICHAEL E. WITHEY and SHARON MAEDA,<br><br>               Plaintiffs,<br><br>vs.<br><br>FEDERAL BUREAU OF INVESTIGATION (FBI),<br><br>               Defendant. | No. 2:18-cv-01635-JCC<br><br>DECLARATION OF KATHY LEODLER IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT |

KATHY LEODLER affirms that she submits this Declaration in Opposition to Defendant FBI's Cross Motion for Summary Judgment and states as follows:

(1)     ***Identity.***  I am a retired Federal Bureau of Investigation (FBI) Special Agent of 23 years having served in the FBI from September 1984 through November 2007. Throughout my first 10 years as an FBI Special Agent, I was the lead Case Agent in a number of federal criminal matters related to the Interstate Transportation of Stolen Property, Organized Crime, Drug Trafficking, Money Laundering and Public Corruption. Early in my FBI career I served as an FBI trained and certified Undercover Agent in an Interstate

DECLARATION OF KATHY LEODLER IN SUPPORT
OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S
CROSS MOTION FOR SUMMARY JUDGMENT AND
IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SJ
-   PAGE 1
#2:18-cv-01635-JCC

**Fred Diamondstone**
ATTORNEY AT LAW
1218 Third Ave, # 1000
Seattle WA 98101
(206) 568-0082
(206) 568-1683 FAX

Transportation of Stolen Property investigation while assigned to the FBI Atlanta Field Office, and to a major money Colombian Drug Trafficking and Money Laundering investigation while assigned to the FBI Houston Field Office. Throughout my FBI career, I maintained a Top Secret security clearance and handled a number of sensitive matters that resulted in the arrests, indictment and convictions of individuals who violated Federal statutes related to drug trafficking, money laundering, violence crimes, and organized crime. I was also the control agent and worked closely with a number of FBI informants and cooperating witnesses who provided valuable and highly sensitive information that put them at great risk. Throughout the last 13 years of my 23 years FBI employment, I served in mid-level management and executive management positions at FBI Headquarters, Washington, DC; the FBI Jacksonville Field Office, Jacksonville, Florida; and the FBI San Diego Field Office, San Diego, California where I served as the Senior Assistant Special Agent in Charge for four years and as the Acting Special Agent in Charge for four months prior to my retirement on November, 2007. My mid-level and executive management duties included leading FBI investigations, coordinating and managing multi-law enforcement task force investigations, conducting internal FBI investigations, inspecting FBI Field Offices and FBI Headquarters Divisions, preparing FBI press releases to inform the community of the status of investigations, conducting FBI press conferences, appearing before the news media and on television, serving on community senior law enforcement boards and committees, and representing the FBI at public speaking engagements, to name a few. I am familiar with the Freedom of Information Act (FOIA). In my role as a Supervisory Special Agent at the FBI Jacksonville Field Office, as Assistant Special Agent in Charge and Acting Special Agent in Charge at the FBI San Diego Field Office, I had knowledge of and was briefed on various FOIA requests. I am competent to testify to matters stated herein and make the following declaration.

DECLARATION OF KATHY LEODLER IN SUPPORT
OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S
CROSS MOTION FOR SUMMARY JUDGMENT AND
IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SJ
- PAGE 2
#2:18-cv-01635-JCC

**Fred Diamondstone**
ATTORNEY AT LAW
1218 Third Ave, # 1000
Seattle WA 98101
(206) 568-0082
(206) 568-1683 FAX

(2) **_Materials reviewed._** In preparing for this declaration, I reviewed the following documents almost all of which are FBI documents made a matter of public record in this case:

1. FBI Teletype dated 12/11/1970 from SAC Las Vegas File # 62-582-Serial 183 to Director, FBI re: Howard Hughes, Information Concerning Missing Person and reference to LeVane M. Forsythe (Forsythe is named and is name is indexed into the FBI Indices system)

2. FBI Airtel dated 12/16/1970 from SAC Las Vegas, File # 62-582, Serial #32, to FBI Director referencing statements from LeVane Forsythe and Wayne Welge – Missing person Howard Hughes (No signed statements attached)

3. FBI Fingerprint Card #12436359 dated 7/19/1971 re LeVane M. Forsythe recorded by FBI Identification Division

4. FBI San Francisco Airtel to FBI Director dated 10/9/1973 case file # 105-32707 re KDP Philippines, OO [Originating Office] SF

5. FBI LHM [Letterhead Memorandum] dated 2/10/1975 to SAC Seattle, File # 105-9034 from SA (name redacted) re KDP-IS-PH re surveillance and reports on Asian Student Coalition activists

6. FBI Insert dated 2/18/1975, FBI Seattle case file # 105-9034 re Silme Domingo

7. FBI LHM dated 2/21/1975 to SAC Seattle, File #105-9034 (P) from SA (name redacted) re KDP IS-PH, OO: FBI San Francisco

DECLARATION OF KATHY LEODLER IN SUPPORT
OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S
CROSS MOTION FOR SUMMARY JUDGMENT AND
IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SJ
  -    PAGE 3
#2:18-cv-01635-JCC

**Fred Diamondstone**
ATTORNEY AT LAW
1218 Third Ave, # 1000
Seattle WA 98101
(206) 568-0082
(206) 568-1683 FAX

8. FBI LHM date 3/3/1975 to SAC Seattle, File # 105-9034 (P) from SA (name redacted) re KDP IS-Philippines, OO: FBI San Francisco – surveillance on KDP activists at Seattle, WA

9. FBI LHM dated 3/21/1975 to the Director, FB case file # 105-252322, from FBI Seattle, case file # 105-9034, re KDP San Francisco file # 105-32707 re activist Silme Domingo

10. FBI Airtel dated 12/30/1977 from FBI Seattle, File # 46-4858, Serial #1, Subject: Modern Construction, Anchorage Alaska and LeVane M. Forsythe

11. FBI Immediate Teletype dated 3/17/1978 from Seattle, File # 115-386 (Bond Default Matter) and File #166-718 (ITAR matter) to Director, FBI, File # 163-38974 (Foreign Police Cooperation Matter), Anchorage (no file number), Las Vegas, File #115-308 and Los Angeles File# 115-2047 regarding LeVane M Forsythe, Anchorage Alaska

12. FBI Anchorage Investigative Insert dated 6/27/1978 case file #46-1480, Serial #12,  re Modern Construction

13. FBI Letter dated 12/12/1979 sent from FBI Seattle office, File # 179-58, Serial 11, to John C Merkel, US Attorney, Seattle, WA, re Vincent Frederick Marcheselli, Hal E. Jenkins, Donald Henry, Leon (LNU), Name Redacted, Redacted (LNU) - Extortionate Credit Transaction

14. FBI Teletype dated 12/15/1979 to Director, FBI from FBI Seattle case file #179B-11 noting change of case title names to include Lee (LNU), Manchester, WA

DECLARATION OF KATHY LEODLER IN SUPPORT
OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S
CROSS MOTION FOR SUMMARY JUDGMENT AND
IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SJ
-   PAGE 4
#2:18-cv-01635-JCC

**Fred Diamondstone**
ATTORNEY AT LAW
1218 Third Ave, # 1000
Seattle WA 98101
(206) 568-0082
(206) 568-1683 FAX

15. FBI Teletype dated 12/27/1979 to the Director, FBI from FBI Seattle case file #179-58 changing case title to reflect true name of subject Lee (LNU) as LeVane M. Forsythe

16. FBI Airtel dated 1/7/1980 from SAC, Seattle, OO File # 179-58, Serial #51 to SAC, Anchorage, File #179-16, Subject: Vincent Frederick Marcheselli, et. Al., regarding LeVane M. Forsythe and Modern Construction

17. FBI Seattle 1A envelope dated 1/10/1980 case file 179-58 Serial 37 re the "Mormon Will"

18. FBI Airtel dated 1/17/1980 from FBI Anchorage case file #179-16 to FBI Seattle case file # 179-58 advising of LeVane M. Forsythe involvement in the Mormon Will

19. FBI Seattle Investigative Insert dated 1/28/1980, case file # 179-58 Serial #63 re background search re LeVane M. Forsythe

20. FBI Seattle Investigative Insert dated 1/16/1980, case file # 179-58 regarding credit and criminal background search re LeVane M. Forsythe

21. FBI Memo dated 2/26/1980 from SAC, Seattle, File #179-58, Serial #75 to SAC, Anchorage, File # 179-16, Subject: Vincent Frederick Marcheselli, et. Al, ECT, Arctic Steel

22. FBI Investigative Insert document dated 3/5/1980 serialized to FBI Seattle case file # 179-58, Serial #76 re: search on January 16, 1980 re LeVane M. Forsythe, Port Orchard, WA – credit, criminal, employment history, address, previous addresses, Kitsap County Sheriff's Office record checks

23. FBI FD-302 dated 06-27-1980 RE: Redacted suspect name, at Tacoma, WA, File # 179-58, Serial #138 re arrest of Redacted Name subject on

DECLARATION OF KATHY LEODLER IN SUPPORT
OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S
CROSS MOTION FOR SUMMARY JUDGMENT AND
IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SJ
- PAGE 5
#2:18-cv-01635-JCC

**Fred Diamondstone**
ATTORNEY AT LAW
1218 Third Ave, # 1000
Seattle WA 98101
(206) 568-0082
(206) 568-1683 FAX

June 27, 1980.  Note: No statement made, formal charges completed and in custody of US Marshall

24. FBI Airtel dated 7/24/1980 from FBI Seattle, File # 179-58 to FBI Los Angeles, File # 179-827 RE: Vincent Frederick Marcheselli surrendering himself on July 28, 1980.

25. FBI FD-302 dated 10/13/1980, File # 179B-58, Serial# 168, of interview of Vincent Frederick Marcheselli at Tacoma, WA

26. FBI FD-302 dated 10/17/1980, File # 179-58, re interview of Vincent Frederick Marcheselli, III, re participation in Loan Shark activities and knowledge of LeVane M. Forsythe.

27. FBI FD 302 dated 11/18/1980, File # 179-58, re interview of Vincent Frederick Marcheselli, III, at Los Angeles, CA re Loan Shark activities and knowledge of LeVane M. Forsythe

28. FD-302 dated 11/19/1980, File # 179-58, re Vincent Frederick Marcheselli, hotel interview at Los Angeles, CA for polygraph examination

29. FD-302 dated 12/1/1980, File # 179-58 re Vincent Frederick Marcheselli, III polygraph examination

30. FBI Special Agent handwritten notes, dated 4/2/1981, File # 179B-58-1A-61 re LeVane Malvison Forsythe interview

31. United States of America v Michael Dean Williams Appellant's Opening Brief dated 4/28/1981

32. United States of America v Michael Dean Williams Brief for Appellee dated 5/26/1981

DECLARATION OF KATHY LEODLER IN SUPPORT
OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S
CROSS MOTION FOR SUMMARY JUDGMENT AND
IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SJ
    -   PAGE 6
#2:18-cv-01635-JCC

**Fred Diamondstone**
ATTORNEY AT LAW
1218 Third Ave, # 1000
Seattle WA 98101
(206) 568-0082
(206) 568-1683 FAX

33. FBI Seattle SA Brent Braun Interview Notes dated 6/2/1981, case file #195-11, Hobbs Act matter and information provided to Seattle Police Department

34. Seattle Times article dated 6/2/1981, case file # 195-11 re Union Officials Shot, One Fatally

35. FBI Letterhead Memorandum dated 6/3/1981 to SAC, Seattle, File # 179B-58, Serial # 209 marked (C) (closed) re interview of LeVane M. Forsythe on 4/ 2/ 1981, and all logical investigation concluded

36. FBI Seattle FD-302 dated 7/2/1981, case file 195B-11, Serial 11, Sub C 57 re interview of Jimmy Ramil at King County jail

37. FBI FD-302 dated 6/3/1981, File # SE 179B-58, Serial 210, re: interview of LeVane Malvison Forsythe on 4/2/1091

38. FBI 1A envelope notes of interview of LeVane M. Forsythe on 4/2/1981 and dictated on 4/7/1981

39. United States of America v Michael Dean Williams Appellant's Reply Brief dated 6/8/1981

40. FBI LHM dated 6/12/1981 from FBI Seattle case file # 195B-11-Serila# 39, re Unsubs; Jimmy Ramil; Ben Guloy; Silme Domingo – Victim (Deceased) and Gene Viernes – Victim (Deceased) - ILWU Union Local 37; Hobbs Act

41. FBI Airtel dated 8/1/1981 from FBI Seattle case file #195-11, Serial #67 re Hobbs Act-Labor Related matter Local 37

42. FBI Airtel dated 8/18/1981 from FBI Seattle case file # 195B-11, Serial #58 advising of State Trial in murder investigation re Silme Domingo and Gene Viernes began 8/17/1981

DECLARATION OF KATHY LEODLER IN SUPPORT
OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S
CROSS MOTION FOR SUMMARY JUDGMENT AND
IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SJ
-    PAGE 7
#2:18-cv-01635-JCC

**Fred Diamondstone**
ATTORNEY AT LAW
1218 Third Ave, # 1000
Seattle WA 98101
(206) 568-0082
(206) 568-1683 FAX

43. FBI Airtel dated 8/25/1981 to FBI Seattle case file # 195-11, Serial #62 referencing FBIHQ requirement for 60-day status update in this same matter

44. FBI Memo dated 8/31/1981 from SA H. Lee Zavala to SAC, Seattle, File # 195B-11, Serial #63, Subject: UNSUB; Pompeyo Benito Guloy; Jimmy Buloson Ramil; et. Al; ILWU- Cannery Workers Local 37; Hobbs Act – Labor Related; OO; Seattle, RE: List of FBI Special Agents assigned to case file 195B-11 to conduct interviews and cover leads and respective work hours

45. FBI FD-498 dated 9/14/1981 re File # 195B-11-80, Polygraph Examination on <u>August 5, 1981,</u> (Redacted Subject Name) – States this matter is joint investigation with Seattle Police Department re murders of Silme Domingo and Gene Viernes on June 1, 1981

46. State of Washington, Plaintiff, v Jimmy Bulosan Ramil and Pompeyo Benito Guloy, Jr, Defendants, Case No 81-1-01924-9, Verbatim Report of proceedings Volume XX dated 9/15/1981 to include trial testimony of LeVane M. Forsythe

47. FBI File # 195B-11, Sub F, Serial 43 - *Seattle Post Intelligencer* article dated 9/15/1981, *"Union Trial Defense Has a Surprise Witness, Too"*

48. FBI File # 195B-11, Sub F, Serial 51, - *Seattle Times* article dated 9/15/1981, *"Surprise Witness Didn't Lie, Says Defense Lawyer"*. This article references Lee Forsythe, also known as LeVane M. Forsythe, as the surprise witness who appeared at trial with testimony that was potentially ruinous to the Prosecution's case. In my review, I noted that this article document appeared to be filed in FBI Seattle case file# 179B-58,

DECLARATION OF KATHY LEODLER IN SUPPORT
OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S
CROSS MOTION FOR SUMMARY JUDGMENT AND
IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SJ
- PAGE 8
#2:18-cv-01635-JCC

**Fred Diamondstone**
ATTORNEY AT LAW
1218 Third Ave, # 1000
Seattle WA 98101
(206) 568-0082
(206) 568-1683 FAX

Extortionate Credit Transaction – Loan Shark matter and then crossed out and entered in to case file # 195B-11

49. FBI File # 195B-11, Sub F, Serial # 52 - *Seattle Times* article dated 9/16/1981, *"Surprise Defense Witness Linked to Hoax"*. This article mentions Lee Forsythe, also known as In my review, I noted that this article document also appeared to be filed in FBI Seattle case file# 179B-58, Extortionate Credit Transaction – Loan Shark matter and then crossed out and entered in to case file # 195B-11, Serial #52, similar in to Serial #51 above

50. FBI File # 195B-11, Sub F, Serial 44 - *Seattle Post Intelligencer* article dated 9/16/1981, *"Witness Jolts Cannery Trial"*

51. State of Washington v Jimmy Bulosan Ramil and Pompeyo Benito Guloy, Jr Verbatim Report of proceedings Volume XXII dated 9/17/1981 to include trial testimony of FBI Seattle Special Agent Hector Lee Zavala

52. State of Washington, Plaintiff, v Jimmy Bulosan Ramil and Pompeyo Benito Guloy, Jr, Defendants, Case No 81-1-01924-9, Verbatim Report of Proceedings, Volume XXIV dated 9/21/1981

53. State of Washington, Plaintiff, v Jimmy Bulosan Ramil and Pompeyo Benito Guloy, Jr, Defendants, Case No 81-1-01924-9, Verbatim Report of Proceedings, Volume XXV dated 9/22/1981

54. FBI File # 195B-11, Sub F, Serial 46 - *Seattle Times* article dated 9/24/1981, *"No Verdict Yet in Cannery-Union-Murder Trial"*. Mentions Lee Forsyth who testified at trial.

55. FBI File # 195B-11, Sub F, Serial 45- *Seattle Post Intelligencer* article dated 9/24/1981 *entitled "Cannery Union Murder Case Goes to Jury."*

DECLARATION OF KATHY LEODLER IN SUPPORT
OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S
CROSS MOTION FOR SUMMARY JUDGMENT AND
IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SJ
-    PAGE 9
#2:18-cv-01635-JCC

**Fred Diamondstone**
ATTORNEY AT LAW
1218 Third Ave, # 1000
Seattle WA 98101
(206) 568-0082
(206) 568-1683 FAX

1  Mentions LeVane Forsythe, surprise witness and testimony contradicting

2  state's evidence and Mormon Will hoax

3  56. FBI Memo dated 1/28/1982 from SA (Name Redacted) to SAC Seattle,

4  File # 179B-58, Serial # 211 RE: Re-open case re Vincent Frederick

5  Marcheselli, aka; ETAL Extortionate Credit Transaction

6  57. FBI Seattle ASAC George Fisher Memo dated 3/25/1982 to FBI Seattle

7  case file # 195-11 to reassign case agent to SA Gerald Murphy upon

8  departure of SA Hector Lee Zavala

9  58. DOJ Communication Message Teletype from Director, FBI, dated

10  9/9/1982 to FBI Seattle (Priority) RE: Viernes and Domingo murders –

11  Seattle requested by Director to submit teletype re details of murders prior

12  to Marcos visit September 15, 1982

13  59. FBI Teletype dated 9/2/1983 to the Director, FBI from FBI Seattle (File #

14  redacted) re: Republic of the Philippines with reference to FBI Seattle case

15  file #195B-11 investigation and Seattle civil lawsuit naming Ferdinand

16  Marcos and FBI Director William Webster

17  60. Deposition Transcript dated 8/12/1985 of LeVane Forsythe- Estate of

18  Silme Domingo, et. al v Republic of the Philippines (Excerpts only)

19  61. FBI Airtel dated 9/5/1985 from the Director, FBI to FBI Seattle case file #

20  195B-1 re forwarding LHM with update in case matter

21  62. LeVane Forsythe's death certificate dated 3/15/1988

22  63. Estate of Silme G Domingo v Republic of the Philippines Memorandum

23  Decision dated 1/12/1990

24  64. FBI Letter dated 4/21/2009 from FBI to Michael Withey re: Katipunan

25  NG MGA Demosratikong Pilipino Freedom of Information

26

DECLARATION OF KATHY LEODLER IN SUPPORT
OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S
CROSS MOTION FOR SUMMARY JUDGMENT AND
IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SJ
-   PAGE 10
#2:18-cv-01635-JCC

**Fred Diamondstone**
ATTORNEY AT LAW
1218 Third Ave, # 1000
Seattle WA 98101
(206) 568-0082
(206) 568-1683 FAX

65. FBI Excerpts of FCI-KDP files dated 4/21/2009

66. Michael Withey letter dated 6/16/2015 to FBI re: LeVane Malvison Forsythe

67. Letter from Michael Withey dated 7/6/2015 to the FBI - Ms. Becky Bronson and Mr. David Hardy (Section Chief FOIA) re: LeVane Malvison Forsythe

68. Letter from FBI dated 7/6/2015 to Michael Withey re: LeVane Malvison Forsythe public freedom of information

69. Memo from Mike Withey dated 8/24/2017 to Travis Mumah, FBI FOIA re: Names of FBI agents identified in FBI files related to the Seattle FBI investigation of the Domingo and Viernes Murders

70. FBI Letter dated 4/26/2018 from FBI to Michael Withey re: LeVane Malvison Forsythe

71. FBI Disclosure dated 4/26/2018 of 246 redacted pages Redacted Claim of Lien and Satisfaction of Lien

72. Letter dated 8/10/2018 from Fred Diamondstone and Leah Snyder to US Dept of Justice and Director of Office of Information Policy re: FBI's disclosures involving LeVane Malvison Forsythe

73. Letter dated 10/30/2018 from Pramila Jayapal to US Dept of Justice re: FBI's disclosures involving LeVane Malvison Forsythe and attached Fact sheet re: Actions of Seattle FBI office and statement of concern

74. Letter dated 12/4/2018 from Rebecca Roe and Kathy Goater (Law Firm of SGB) to US Dept of Justice re: Withey and Maeda v FBI

75. FBI Letter dated 5/1/2019 from FBI to Michael Withey re Withey and Maeda v FBI freedom of information release letter

DECLARATION OF KATHY LEODLER IN SUPPORT
OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S
CROSS MOTION FOR SUMMARY JUDGMENT AND
IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SJ
-    PAGE 11
#2:18-cv-01635-JCC

**Fred Diamondstone**
ATTORNEY AT LAW
1218 Third Ave, # 1000
Seattle WA 98101
(206) 568-0082
(206) 568-1683 FAX

76. Michael Withey and Sharon Maeda, Plaintiffs v FBI, Defendant, Case No. 2:18-cv-01635-JCC Plaintiffs' motion dated 10/10/2019 for partial summary judgement re identity of FBI agents and publicly available details of the Loan Shark investigation

77. Michael Withey and Sharon Maeda, Plaintiffs v FBI, Defendant, Case No. 2:18-cv-01635-JCC, Plaintiffs' response in opposition to defendant's motion for protective order dated 12/9/2019

78. Michael Withey and Sharon Maeda, Plaintiffs v FBI, Defendant, Case No. 2:18-cv-01635-JCC, Declaration of Michael E. Withey in Opposition to Motion for Protective Order to Prevent Discovery dated 12/13/2019

79. Michael Withey and Sharon Maeda, Plaintiffs v FBI, Defendant, Case No. 2:18-cv-01635-JCC, Declaration of Plaintiffs' Counsel Fred Diamondstone in Opposition to Motion for Protective Order to Prevent Discovery dated 12/13/2019.

(3) *Facts of Significance.* From my review of the above documents, I determined the following:

During the mid 1970's and early 1980's the FBI Seattle conducted a Foreign Counter Intelligence (FCI) investigation, case file #105-9034, regarding the Katipunan Ng Mga Demokratikong Pilipino (KDP) and activists Silme Domingo and Gene Viernes of the Local 37 ILWU, Seattle, Washington. This investigation was begun in 1973, was part of a national investigation of the KDP in numerous cities, contained detailed information about the members, leadership and activities of the Seattle KDP and investigated the work of the Alaska Cannery Workers Association (ACWA), its leadership, goals and legal counsel. Since the names of the FBI Special Agents were redacted from this file, I cannot determine

DECLARATION OF KATHY LEODLER IN SUPPORT
OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S
CROSS MOTION FOR SUMMARY JUDGMENT AND
IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SJ
    -    PAGE 12
#2:18-cv-01635-JCC

**Fred Diamondstone**
ATTORNEY AT LAW
1218 Third Ave, # 1000
Seattle WA 98101
(206) 568-0082
(206) 568-1683 FAX

whether any of them also worked on other FBI Seattle investigations in order to determine their role. This information would be very helpful to understand who all were involved.

During late 1979, the FBI Seattle was engaged in an Extortionate Credit Transaction (ECT) – Loan Shark investigation, case file # 179B-58, that named Vincent Frederick Marcheselli, Hal E. Jenkins, Donald Henry, Leon (LNU), and LeVane Malvison Forsythe as subjects. In late October 1980, subjects other than Forsythe were indicted and prosecuted. Marcheselli plead guilty and cooperated with the Prosecution. Jenkins was convicted as was defendant Michael Dean Williams, but his conviction was reversed on appeal in U.S. v. Williams. The initials HLZ (which I presume was Hector Lee Zavala) are found on two pages of this file but involved only background research in Kitsap County, not personal contact with Forsythe. Other agents whose initials are found but names are redacted in this ECT file #179-58 but whose hours are listed in the Hobbs Act case #195-11 include:

- JKC (179-58 ECT file pages 99, 479 and 481), probably Special Agent John K Cusack who reported 56 hours on the Hobbs Act investigation, FBI Seattle #195-11

- JSD – (179-58 ECT file pages 132, 441 and 492) probably Special Agent John S. Detlor who logged 45 hours on the Hobbs Act investigation, FBI Seattle #195-11

- CSD –(179-58 file pages 494-496) from the FBI Seattle Modern Construction investigation), most likely Special Agent Charles S. Duke, who spent 4 hours on the Hobbs Act investigation, FBI Seattle #195-11

- KGW – (179-58 page 232 (only) who is probably Special Agent Keith G. Wilson, 129 hours on the Hobbs Act case, FBI #195-11

These notations show that there were a number of agents who worked on both the 179-58 ECT Loan Shark and the 195-11 Hobbs Act interrelated investigations. Based on the covered lead requests and interviews in the ECT Loan Shark investigation, the FBI Seattle and FBI Anchorage obtained considerable information about Forsythe's involvement, or lack thereof, in Arctic Steel and Modern Construction in Alaska and his architect, Alex Bertulius.

DECLARATION OF KATHY LEODLER IN SUPPORT
OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S
CROSS MOTION FOR SUMMARY JUDGMENT AND
IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SJ
  -   PAGE 13
#2:18-cv-01635-JCC

**Fred Diamondstone**
ATTORNEY AT LAW
1218 Third Ave, # 1000
Seattle WA 98101
(206) 568-0082
(206) 568-1683 FAX

On June 1, 1981, Silme Domingo and Gene Viernes, subjects of the FBI Seattle case file # 105-9034 investigation, were shot at the Local 37 ILWU Union Hall. Gene Viernes died instantly at the scene and Silme Domingo later succumbed to his bullet wounds at a Seattle hospital. While being attended to by first responders, Silme Domingo identified Jimmy Ramil and Ben Guloy as the shooters.

Following the murders of Silme Domingo and Gene Viernes, the FBI Seattle on June 3, 1981 closed its ECT Loan Shark investigation, FBI Seattle file number 179-58, and opened the Hobbs Act investigation, FBI Seattle case file # 195-11. The FBI Seattle Special Agents conducted interviews and forwarded information to the Seattle Police Department. Interviews continued through 1981 in this Hobbs Act investigation, case file #195-11. FBI Special Agent (SA) Hector Lee Zavala was the assigned lead case agent. Over one thousand hours was expended on this investigation, according to an FBI Memorandum generated by SA Lee Zavala in August 1981. It thus constituted a very serious and detailed investigation, requiring SA resources in Washington, California and Alaska to locate and interview witnesses and potential persons with knowledge.

The State's murder case went to trial in on August 17, 1981 and continued through September 1981 in the case of the State v Ramil and Guloy, King County Superior Court No. 81-1-01924. FBI SA Zavala was subpoenaed to testify at trial in the State's case to appear on approximately September 17 through 18, 1981.

On September 15, 1981, LeVane Malvison Forsythe, a known subject of an FBI Seattle Extortionate Credit Transaction (ECT) Loan Shark investigation, FBI Seattle case file # 179-58, an FBI Seattle Fraud Against the Government (FAG) investigation, FBI Seattle case file # 46-4858, an FBI Las Vegas Administrative Inquiry concerning missing person Howard Hughes, FBI Las Vegas case file # 62-582, and a self-proclaimed FBI informant, testified at the King County Superior Court trial of Jimmy Ramil and Ben Guloy, Defendants. Forsythe was a surprise Defense witness who came forward on Friday, September 12, 1981, just prior to the Prosecutions conclusion of witness testimony. Forsythe

DECLARATION OF KATHY LEODLER IN SUPPORT
OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S
CROSS MOTION FOR SUMMARY JUDGMENT AND
IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SJ
    -    PAGE 14
#2:18-cv-01635-JCC

**Fred Diamondstone**
ATTORNEY AT LAW
1218 Third Ave, # 1000
Seattle WA 98101
(206) 568-0082
(206) 568-1683 FAX

told the Defense and the Prosecution attorneys that he had been following the trial and felt he had to come forward in that the wrong Defendants were on trial.

Forsythe testified at trial that he was present near the ILWU Local 37 Union Hall in Seattle, Washington, at the time of the June 1, 1981 murders of Gene Viernes and Silme Domingo**.** His testimony also contradicted the Prosecution's witnesses as to how many men went into the union hall, the color of the getaway car, and whether Prosecution eyewitness Jaimie Malabo, who testified he saw Ramil with a brown paper bag and Guloy emerge from the alley next to the union hall was telling the truth. Both Domingo and Viernes were also the subjects of an FBI Seattle Foreign Counter Intelligence (FCI) investigation, case file # 105-9034. Forsythe testified that the Defendants in the State v Ramil and Guloy trial, Jimmy Ramil and Ben Guloy, were not present at the scene despite the fact that Seattle Fire Department medics heard the wounded Silme Domingo name Ramil and Guloy as the two men who shot him. Forsythe testified that he was at a phone booth on June 1, 1981 around 4:15p-4:30p trying to get directions to architect Alex Bertulius' office and observed a man go into the Local 37 ILWU Union Hall and then come out of the building and get into a green automobile which was driven away. He stated that neither Ramil and Guloy resembled the man he saw going into the Union Hall. He testified he saw a man come out of the Union Hall holding his stomach and slouch against the wall. He claimed he went over to the man, determined he had been shot,  asked the wounded man who shot him and the man said he did not know. Forsythe's testimony directly contradicted the testimony of the first responders who stated  under oath that Silme Domingo had identified Ramil and Guloy as the shooters, and other evidence that the Prosecuting Attorney had presented in her case to that date.

DECLARATION OF KATHY LEODLER IN SUPPORT
OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S
CROSS MOTION FOR SUMMARY JUDGMENT AND
IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SJ
-    PAGE 15
#2:18-cv-01635-JCC

**Fred Diamondstone**
ATTORNEY AT LAW
1218 Third Ave, # 1000
Seattle WA 98101
(206) 568-0082
(206) 568-1683 FAX

On Forsythe's cross examination the Prosecuting Attorney raised the issue that Forsythe had claimed to have been the person who delivered the famed "Mormon Will", later determined to be a hoax, to Melvin Dunbar in the Utah desert and that Forsythe was a "publicity seeker", which he denied.

The trial and Forsythe's surprise testimony was covered extensively by the Seattle news media to include the *Seattle Times* and the *Seattle Post Intelligencer*. Articles pertaining to the trial dated September 15, 16, 19 and 24, 1981 were placed in the FBI Seattle Hobbs Act investigation case file #195B-11-Sub F. One article included Forsythe's photograph.

From my review of the above documents provided by the FBI in the FOIA request to Michael Withey, Plaintiff, I determined the FBI had substantial knowledge of LeVane Malvison Forsythe from at least 1970 through the state murder trial that concluded in 1981 resulting in the conviction of the Defendants Jimmy Ramil and Ben Guloy.

LeVane Mathison Forsythe was known to the FBI in late 1970 as an associate of the late Howard Hughes. The Loan Shark investigation contains statements that Forsythe was a "bag man" or someone who delivered payments for Hughes and that he personally knew his lieutenant Robert Maheu. Together with his involvement in the Mormon Will hoax referred to in the ECT file, his background should have been considered highly suspect. He testified under oath in a deposition in late 1985 that he was a paid FBI informant who had been used in that capacity for decades, and that he had contact with former FBI SA Pat Slavins in Las Vegas in the 1970's. He also described his modus operandi as essentially this: he would be called by his control agent, told to go to a certain location, observe what happened and write or orally present a report. In my review of documents I noted that Forsythe wrote a report describing what he observed at the union hall on June 1, 1981, which is consistent with

DECLARATION OF KATHY LEODLER IN SUPPORT
OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S
CROSS MOTION FOR SUMMARY JUDGMENT AND
IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SJ
-    PAGE 16
#2:18-cv-01635-JCC

**Fred Diamondstone**
ATTORNEY AT LAW
1218 Third Ave, # 1000
Seattle WA 98101
(206) 568-0082
(206) 568-1683 FAX

observing and reporting. His report was introduced into evidence at the criminal trial.
Although I draw no conclusions whether Forsythe was or was not acting as an FBI informant
at the time his status as such is something that the FBI Seattle would have known in 1981.
Had he been a documented FBI informant the Seattle FBI Office could easily have contacted
the control agent to find out whether the agent was aware of Forsythe's involvement in the
murder case and how Forsythe came forward. There is no evidence this was done.

Forsythe was named in an FBI Teletype from the Special Agent in Charge (SAC) Las
Vegas, File #62-582-Serial 183, to the Director, FBI, dated 12/11/1970. I know the number
"62" classification to be a classification for an "Administrative Inquiry" that precedes a
criminal Investigation. The number "183" represents the number of the document as
serialized and entered into the case file. From my years of experience as an FBI Special
Agent, and according to the FBI Manual of Administrative Policies and Procedures (MAOP)
and the FBI Manual of Investigative Policies and Procedures (MIOG), per FBI policy and
procedures Forsythe's full name would have been indexed into the FBI's universal indices
system at that point or possibly in prior communications where he was first identified as a
person of interest, subject or victim in an FBI investigative matter.

LeVane M. Forsythe was also fingerprinted and assigned fingerprint identification
number 12436359 by the FBI Identification Division on 7/19/1971. A general search of the
FBI Indices system at any time post the year 1970 would also reflect Forsythe's FBI number,
as well as any references to him in other FBI investigative matters.

During late December 1977, Forsythe was the subject of an FBI Seattle Fraud Against
the Government (FAG) investigation, case # 46-4858, Serial # 1, regarding Modern
Construction Anchorage, Alaska, as noted in an FBI Airtel dated 12/30/1977.

DECLARATION OF KATHY LEODLER IN SUPPORT
OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S
CROSS MOTION FOR SUMMARY JUDGMENT AND
IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SJ
    -    PAGE 17
#2:18-cv-01635-JCC

**Fred Diamondstone**
ATTORNEY AT LAW
1218 Third Ave, # 1000
Seattle WA 98101
(206) 568-0082
(206) 568-1683 FAX

1         Forsythe was named in an Immediate Teletype from the FBI Seattle to the Director

2 FBI, case file # 163-38974, Foreign Police Cooperation matter, in a bond default matter FBI

3 Seattle case file # 115-386, and FBI Seattle case file # 166-718, Interstate Transportation in

4 the Aid of Racketeering (ITAR) matter. The FBI Las Vegas, case file # 115-308,  FBI Los

5 Angeles case file # 115-2047 and FBI Anchorage were also copied, although a case file

6 number did not appear in the teletype for the FBI Anchorage.

7         LeVane M Forsythe was named in an FBI Seattle Airtel, case file # 179-58, Serial

8 #51, to the SAC, Anchorage, case file # 179-16 regarding his association with Modern

9 Construction and main subject Vincent Frederick Marcheselli, et. al. From my experience as

10 an FBI SA, I know the "179" classification as one used to identify an Extortionate Credit

11 Transaction matter, also referred to as Loan Shark activities.

12         The FBI's David Hardy, in his Third Declaration submitted in this case also makes

13 the following statement:

14         (15) 46-HQ-15639. This file was located under the search term "Forsythe,
        Levane." It is a main file. It was accessioned to NARA on August 2, 2018. It is a

15         Fraud Against the Government file. The FBI is still working to review the file…

16 Since I have not been able to review this file, I cannot comment on what is contained in it but

17 note that it was "accessioned" to the National Archives over three years after the FOIA

18 Request on June 2015.  I believe it to be unusual for the FBI to send documents requested in

19 an FOIA request to NARA after a FOIA request is made. I reserve the right to review this file

20 if produced and incorporate that into my opinions in this case.

21         On 11/18/1980, Vincent Frederick Marcheselli, the main subject of the FBI Seattle

22 case file #179-58 was interviewed by Seattle FBI SA's (names redacted) regarding  his

23 knowledge of Loan Shark activities and his knowledge of LeVane M. Forsythe, also a subject

24 of that investigation. Even as late as the late 1970's and seven months prior to the Domingo

25 and Viernes murders the FBI Seattle would have been familiar with Forsythe.

26

DECLARATION OF KATHY LEODLER IN SUPPORT
OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S
CROSS MOTION FOR SUMMARY JUDGMENT AND
IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SJ
   -  PAGE 18
#2:18-cv-01635-JCC

**Fred Diamondstone**
ATTORNEY AT LAW
1218 Third Ave, # 1000
Seattle WA 98101
(206) 568-0082
(206) 568-1683 FAX

The FBI Seattle again had an opportunity to be mindful of Forsythe. On 4/2/1981, four weeks prior to the murders of Silme Domingo and Gene Viernes, FBI Seattle SA's (names redacted) interviewed LeVane Mathison Forsythe. The handwritten interview notes were placed in a 1A envelope and filed in FBI Seattle case file 179-58-1A-61.

Forsythe is also mentioned in an FBI Letterhead Memorandum (LHM) dated 6/3/1981, FBI Seattle's ECT investigation, also known as the Loan Shark matter case file # 179B-58, Serial #209 marked "(C)". The LHM referred to the successful prosecution of the main subjects of the investigation in 10/1980, and the follow-up interview of LeVane M. Forsythe by FBI Seattle SA's (names redacted) on 4/2/1981. The author requested the case file to be closed after Forsythe denied any knowledge of or participation in the Loan Shark activities. The names of these agents are important to determine who was involved in contact with Forsythe, and to compare them to other known names and activities.

(4) **Conclusions.** From the above facts, I have concluded:

Based on the above I have concluded that the FBI Seattle, FBI Anchorage, FBI Las Vegas and FBI Headquarters had extensive knowledge of LeVane Malvison Forsythe's checkered past over a 10 year period prior to the murders of Silme Domingo and Gene Viernes, as Forsythe had been the subject or person of interest in at least three FBI investigations, and may have worked as an FBI informant during the 1970's.

Forsythe's surprise testimony at the murder trial brought extensive media coverage that was tracked by the FBI Seattle SA's in news reports. His testimony vastly contradicted the Prosecution witnesses' testimony. This alone should have caused the FBI concern in that Forsythe's testimony could have potentially exonerated the shooters Ramil and Guloy who were ultimately found guilty of the murders of victims Domingo and Viernes**.** Such an exoneration would have seriously obstructed the ongoing investigation of these murders by both the FBI as well as the local prosecution and constituted a gross miscarriage of justice. It

DECLARATION OF KATHY LEODLER IN SUPPORT
OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S
CROSS MOTION FOR SUMMARY JUDGMENT AND
IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SJ
- PAGE 19
#2:18-cv-01635-JCC

**Fred Diamondstone**
ATTORNEY AT LAW
1218 Third Ave, # 1000
Seattle WA 98101
(206) 568-0082
(206) 568-1683 FAX

was essential to the FBI's Hobbs Act investigation that Ramil and Guloy be convicted, thus bringing pressure on others, including but not limited to Tony Dictado and Tony Baruso (both suspects in the Hobbs Act investigation) who may have been involved.

In my review of the documents listed above, I see no evidence that Forsythe was interviewed by anyone in the FBI after his surprise testimony at the murder trial on September 15, 1981. The FBI Seattle had an active ongoing Hobbs Act investigation running parallel with the Seattle Police Department's murder investigation and such an interview of Forsythe would have been logical and a necessary means to explore not only his presence at the murder scene on June 1, 1981, but also question if in fact he was sent there by someone to thwart the trial and potentially exonerate the Defendants Ramil and Guloy. In my review, I see no evidence the FBI has provided any justification to date as to why an eyewitness to the murders it was then investigating in the Hobbs Act investigation was not questioned. If documents are provided, I reserve the right to revise my opinions.

Forsythe's eleventh-hour outreach to the Defense was in itself questionable and suspect. His well-designed testimony and his appearance as a surprise witness at the end of the trial are both consistent with what I view as his intent to make it very difficult for the Prosecutor to conduct effective cross examination and thus easier to obtain an acquittal for Ramil and Guloy. Even if it would have been a potential conflict for SA Zavala to conduct such an interview of Forsythe because Zavala was a subpoenaed trial witness in the murder trial himself, FOIA documents received from the FBI indicate there were a number of FBI Seattle SA's, mid-level management and executive management personnel familiar with the Hobbs Act investigation, FBI Seattle case file # 195-11 and the FBI Seattle KDP investigation, case file # 105-9034 who could have interviewed Forsythe to question him about his eleventh hour testimony which was suspect. In addition, the unnamed SA's who

DECLARATION OF KATHY LEODLER IN SUPPORT
OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S
CROSS MOTION FOR SUMMARY JUDGMENT AND
IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SJ
- PAGE 20
#2:18-cv-01635-JCC

**Fred Diamondstone**
ATTORNEY AT LAW
1218 Third Ave, # 1000
Seattle WA 98101
(206) 568-0082
(206) 568-1683 FAX

had knowledge of Forsythe in the Loan Shark investigation also could have interviewed him. From my review, I see no evidence that FBI Seattle executive management to include the Special Agent in Charge (SAC) and/or the Assistant Special Agent in Charge (ASAC) with supervisory authority over all three investigations engaged in this matter during the 1981 murder trial and parallel Hobbs Act investigation to ensure that justice was done for the murdered victims Domingo and Viernes.

(5)   ***Opinions***.   Based on my background, training and experience as described above, the documents I have read and the facts and conclusions stated above, I have reached the following opinions to a reasonable degree of certainty and on a more probable than not basis:

The FBI Office in Seattle had ample resources and detailed information necessary to interrogate Forsythe about his testimony and conduct. For example, it had extensive background information about his stated reasons for being at the scene of the murders—his involvement in an hospital construction contract in Alaska.  The FBI in Seattle had already determined that, at least as of 1980, there was no ongoing construction of a hospital in Anchorage, which Forsythe at that time claimed he was involved in.  By interviewing the principals in the project in Alaska and his architect Alex Bertulius, the FBI could have determined whether any of Forsythe's story was true.  The FBI Seattle failed to do so. If it did, such interviews are not contained in the FBI files produced or have been redacted or withheld. If it were determined that Forsythe story was false or in any way suspect, the FBI would have used this information to try to break Forsythe's cover story and determine the true reasons he was at the scene and came to court to testify.  But this interrogation never took place.  If it did, documents related to such interview have not been provided as

DECLARATION OF KATHY LEODLER IN SUPPORT
OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S
CROSS MOTION FOR SUMMARY JUDGMENT AND
IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SJ
   -   PAGE 21
#2:18-cv-01635-JCC

**Fred Diamondstone**
ATTORNEY AT LAW
1218 Third Ave, # 1000
Seattle WA 98101
(206) 568-0082
(206) 568-1683 FAX

requested. In either instance, the FBI Seattle and the many SA's and the SAC and ASAC had a duty to investigate further and failed to do so. Of course, if Forsythe was, as he testified to, an informant for the FBI at any time, this would have provided additional leverage against Forsythe that could and should have been used to seek the truth around his eleventh hour testimony. It would also have been well within the purview of the FBI Seattle to gather together and gain insight from ALL of the FBI SA's and supervisors who worked on these related and contemporaneous investigations (see partial listing of initials above) in order to prepare to interrogate Forsythe. It would be important and very helpful to obtain the unredacted names of all of the FBI SA's and supervisory personnel who worked on all of the FBI investigations (especially the KDP FCI and ECT investigations) in order to ascertain which SA's had contact with or knowledge of Forsythe and his activities in 1981 and assess their degree or lack of coordination, if any.

Based on the documents I have reviewed, it is my opinion that the FBI Seattle to include their SA's and supervisory personnel, fell below the standard of care in at least the following respects (a) not reviewing Forsythe's carefully crafted eleventh hour trial testimony, (b) not conducting an investigation of Forsythe's story as to how he came to the scene of the murders of Domingo and Viernes and (c) not questioning Forsythe in detail to determine if he was acting alone or on behalf of someone else in an attempt to exonerate Ramil and Galoy in the murder trial. Since the ultimate goal is to obtain justice and seek the truth in these murders, the FBI had a solemn duty to act in good faith on behalf of the deceased victims Domingo and Viernes, and certainly not to protect Forsythe or the FBI. The FBI Seattle should have questioned Forsythe further as to how and why he came to be at

DECLARATION OF KATHY LEODLER IN SUPPORT
OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S
CROSS MOTION FOR SUMMARY JUDGMENT AND
IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SJ
-    PAGE 22
#2:18-cv-01635-JCC

**Fred Diamondstone**
ATTORNEY AT LAW
1218 Third Ave, # 1000
Seattle WA 98101
(206) 568-0082
(206) 568-1683 FAX

the murder scene on June 1, 1981, and who possibly sent him there and/or to testify at the criminal trial in September 1981.  Such an endeavor had a decent chance of peeling back the layers of this murder conspiracy, which ultimately led to the regime of Philippine President Ferdinand Marcos as well as his accomplice Tony Baruso.

I declare under penalty of perjury under the laws of the United States and the State of Washington that the foregoing is true and correct.

Executed this 10th day of January, 2020 at Silverdale, Washington.


*s/ Kathy Leodler*
Kathy Leodler

DECLARATION OF KATHY LEODLER IN SUPPORT
OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S
CROSS MOTION FOR SUMMARY JUDGMENT AND
IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SJ
-    PAGE 23
#2:18-cv-01635-JCC

**Fred Diamondstone**
ATTORNEY AT LAW
1218 Third Ave, # 1000
Seattle WA 98101
(206) 568-0082
(206) 568-1683 FAX

I hereby certify that on January 10, 1020, , I served the foregoing ***Declaration of Kathy Leodler*** through this Court's ECF system, which will serve the following via email.

| | |
|---|---|
| Kayla Stahman<br>Ass't. U.S. Attorney – W.D. Wash.<br>Of Attorneys for Defendant Federal Bureau of Investigation | kayla.stahman@usdoj.gov,<br>CaseView.ECF@usdoj.gov, ECF-<br>Civ.USAWAW@usdoj.gov,<br>julene.delo@usdoj.gov,<br>thomas.everett@usdoj.gov |
| Katie Denise Fairchild<br>Ass't. U.S. Attorney – W.D. Wash.<br>Of Attorneys for Defendant Federal Bureau of Investigation | katie.fairchild@usdoj.gov,<br>CaseView.ECF@usdoj.gov, ECF-<br>Civ.USAWAW@usdoj.gov,<br>Alexandra.M.Melendez@usdoj.gov ,<br>thomas.everett@usdoj.gov |
| Michael E Withey<br>Of Attorneys for Plaintiffs | mike@witheylaw.com, |
| Leah S. Snyder<br>Of Attorneys for Plaintiffs | leah@emberlaw.com,<br>s.fenix@gmail.com,<br>snyderleahs@gmail.com |

DATED:  January 10, 2020.

s/ Fred Diamondstone
Fred Diamondstone, WSBA No. 7138
Attorney for Plaintiff
1218 Third Avenue, Suite 1000
Seattle, WA  98101
Telephone: (206) 568-0082
Fax:     (206) 568-1683
E-mail:  fred@freddiamondstone.com

DECLARATION OF KATHY LEODLER IN SUPPORT
OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S
CROSS MOTION FOR SUMMARY JUDGMENT AND
IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SJ
   -    PAGE 24
#2:18-cv-01635-JCC

**Fred Diamondstone**
ATTORNEY AT LAW
1218 Third Ave, # 1000
Seattle WA 98101
(206) 568-0082
(206) 568-1683 FAX