THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL E. WITHEY and SHARON MAEDA, <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL BUREAU OF INVESTIGATION (FBI), <br><br> Defendant. | CASE NO. C18-1635-JCC <br><br> ORDER |

This matter comes before the Court on Defendant's motion for a protective order (Dkt. No. 29). Having considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

## I.  BACKGROUND

On June 16, 2015, Plaintiffs submitted a Freedom of Information Act request to Defendant, the Federal Bureau of Investigation. (*See* Dkt. No. 1-1 at 2–8.) The request primarily focused on the murders of Gene Viernes and Silme Domingo and any role that Levane Forsyth, an alleged FBI informant, may have played in the murders. (*See id.* at 5–8.) The FBI processed Plaintiffs' request over the next three years, eventually releasing 234 pages of documents while withholding information pursuant to FOIA exemptions 3, 6, 7(c), and 7(e). (*See* Dkt. No. 30 at 5–9.) Plaintiffs appealed the FBI's decision to withhold that information to the Office of

ORDER
C18-1635-JCC
PAGE - 1

Government Information Services, which held that the FBI complied with FOIA. (Dkt. No. 30-20 at 2–3.) Following their unsuccessful appeal, Plaintiffs filed the instant complaint. (Dkt. No. 1.)

After filing their complaint, Plaintiffs served the FBI with discovery requests. (Dkt. No. 31 at 1.) Plaintiffs' requests fall into three broad categories: (1) "specific questions about the adequacy of the [FBI's] search"; (2) "questions designed to discover which Seattle FBI agents had the opportunity or responsibility for contact with Forsythe"; and (3) "questions which determine whether the FBI acted in an arbitrary and capricious manner" when it withheld information. (*See* Dkt. No. 36 at 4.) The parties met and conferred about Plaintiffs' requests, but they were unable to reach a mutually acceptable resolution to their dispute. (*See* Dkt. No. 29 at 1 & n.1.) The FBI now moves for a protective order denying Plaintiffs' requested discovery and prohibiting discovery at this time. (*See id.* at 3; Dkt. No. 32 at 1.)

## II. DISCUSSION

### A. Discovery in FOIA Cases

In FOIA cases, the general rule is that discovery is unavailable. *See Wheeler v. CIA*, 271 F. Supp. 2d 132, 139 (D.D.C. 2003). This rule stems from the circumscribed nature of FOIA cases. *See Lane v. Dep't of the Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008). Broadly speaking, FOIA cases involve two questions: (1) whether an agency adequately searched for documents and (2) whether it properly withheld documents that it found during its search. *L.A. Times Commc'ns, LLC v. Dep't of the Army*, 442 F. Supp. 2d 880, 893–94 (C.D. Cal. 2006). The agency helps the court answer these questions by supplying declarations that explain the agency's search methods and "identify[] each document withheld, the statutory exemption claimed, and a particularized explanation of how disclosure of the particular document would damage the interest protected by the claimed exemption." *See Weiner v. FBI*, 943 F.2d 972, 977–78 (9th Cir. 1991). These declarations ordinarily supplant discovery for two reasons. First, they make discovery unnecessary because they provide the court with sufficient information to decide

whether the agency violated FOIA. *See Lewis v. IRS*, 823 F.2d 375, 378 (9th Cir. 1987) ("[I]f the affidavits contain reasonably detailed descriptions of the documents and allege facts sufficient to establish an exemption, the district court need look no further."). Second, they avoid the risk that discovery poses of "turn[ing] FOIA on its head[] [by] awarding [the plaintiff] in discovery the very remedy for which it seeks to prevail in the suit." *Tax Analysts v. IRS.*, 410 F.3d 715, 722 (D.C. Cir. 2005).

Although discovery is generally unavailable in FOIA cases, courts sometimes permit discovery if an agency does not adequately explain its search process or if the agency submits a declaration in bad faith. *See Schrecker v. DOJ*, 217 F. Supp. 2d 29, 35 (D.D.C. 2002). These "exceptions" to the general rule make sense: a court cannot assess an agency's search method based on a barebones declaration, and a court cannot trust a detailed declaration that the agency submits in bad faith. But these exceptions, while sensible, are limited. For example, a court must accord an agency's declaration a presumption of good faith, *see Safecard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 2009), and a court may require an agency to submit a more detailed declaration as an alternative to permitting discovery, *see Pollard v. FBI*, 705 F.2d 1151, 1154 (9th Cir. 1983).

**B.    Plaintiffs' Discovery Requests**

Plaintiffs argue that discovery is appropriate in this case because the FBI's declarations do not adequately explain its search process, because the FBI submitted the declarations in bad faith, and because the public has an interest in the discovery sought. (*See* Dkt. No. 36 at 6–9, 13–14.) The Court will address each argument in turn.

1.    <u>Adequacy of the FBI's Declarations</u>

Plaintiffs' criticisms of the FBI's declarations do not justify discovery. (*See* Dkt. No. 36 at 6–9, 14.) Those declarations explain the FBI's file system, (*see* Dkt. No. 30 at 10–16), describe how the FBI broadly searched for documents related to Mr. Forsythe, (*see id.* at 5, 19), list the search terms the FBI used, (*see id.* at 17–18), and summarize the results of the search,

(*see id.* at 16–21). These declarations are facially adequate, and Plaintiffs' criticisms of them are either inaccurate (the first declaration describes the search terms the FBI used) or were cured by subsequent declarations (the third declaration references known file numbers and explains the variance in page number estimates). (*See* Dkt. Nos. 30 at 17–18, 43 at 2–7.) These facially adequate declarations make discovery unnecessary so long as the FBI submitted the declarations in good faith.[1] *See Schrecker*, 217 F. Supp. at 35.

### 2. Allegation of Bad Faith

Plaintiffs allegation of bad faith also does not justify discovery because Plaintiffs fail to offer evidence that the FBI acted in bad faith. Plaintiffs appear to argue that the FBI acted in bad faith because it redacted names and facts that should not have been redacted. (*See* Dkt. No. 36 at 11.) But the fact that the FBI might have improperly redacted information is not evidence of bad faith or a reason why discovery is needed; it is a reason why Plaintiff might be entitled to unredacted versions of the documents.[2]

### 3. Public Interest

The public's abstract interest in information likewise does not justify Plaintiffs' requested discovery. Plaintiffs seek discovery "about which FBI agents . . . had contact with Forsythe and/or were involved in the counter-intelligence investigation of Silme Domingo and the KDP." (*Id.* at 13.) But "the Freedom of Information Act deals with 'agency records,' not information in the abstract." *Forsham v. Harris*, 445 U.S. 169, 185 (1980). Consequently, while the public's

---

[1] Plaintiffs are, of course, free to argue at summary judgment that the FBI inadequately searched for responsive documents. *See L.A. Times*, 442 F. Supp. 2d at 893. But that is not a reason why Plaintiffs need to conduct discovery into how the FBI conducted its search. The FBI's declarations explain how it conducted its search, and those declarations provide enough information for the Court to decide whether that search was adequate. *See Gregory Franklin v. DEA*, 2015 WL 13404305, slip op. at 1 (C.D. Cal. 2015).

[2] Plaintiffs consistently conflate the merits of their summary judgment motion with their argument that discovery is needed. (*See, e.g.*, Dkt. No. 36 at 12) (arguing that discovery is needed because "The FBI's assertion of any 'privacy interests' . . . is frivolous"). Discovery is not needed if the Court can rely on the FBI's declarations to assess the merits of Plaintiffs' summary judgment motion. *See Lewis*, 823 at 378.

interest in information might justify the production of records otherwise exempt from disclosure, *see Stern v. FBI*, 737 F.2d 84, 92 (D.D.C. 1984), it does not permit Plaintiffs to force government officials to reveal, for example, whether "a decision [was] reached by any FBI employee(s) to not question Forsythe about his role in witnessing the murders of Domingo and Viernes," (Dkt. No. 31-1 at 21). As the Tenth Circuit explained, "it is clear that nothing in [FOIA] requires 'answers to interrogatories' but rather and only disclosure of documentary maters which are not exempt." *DiVialo v. Kelly*, 571 F.2d 538, 542–43 (10th Cir. 1978).

### 4. Conclusion

The FBI's declarations provide a sufficient factual basis for the Court to decide whether the FBI adequately searched for documents responsive to Plaintiff's request and whether it properly withheld documents that it found. Accordingly, there is no need for discovery at this time.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion for a protective order (Dkt. No. 29). The Court ORDERS the parties to abstain from engaging in discovery until further order from the Court. If a party believes that discovery is needed on an issue, it must seek the Court's leave to engage in that discovery.

DATED this 24th day of February 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE