THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL E. WITHEY and SHARON MAEDA,<br><br>                 Plaintiffs,<br>    v.<br><br>FEDERAL BUREA OF INVESTIGATION (FBI),<br><br>                 Defendant. | CASE NO. C18-1635-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiffs' motion to strike the FBI's *Glomar* response, for discovery, and for *in camera* review (Dkt. No. 54) and on the FBI's cross-motion for partial summary judgment on its *Glomar* response (Dkt. No. 62). Having considered the parties' briefing and the relevant record, the Court hereby DENIES Plaintiffs' motion and GRANTS the FBI's cross-motion for the reasons explained herein.

**I.      BACKGROUND**

On June 16, 2015, Plaintiffs submitted a Freedom of Information Act ("FOIA") request to the FBI. (*See* Dkt. No. 1-1 at 2–8.) The request primarily focused on the murders of Gene Viernes and Silme Domingo and any role that Levane Forsythe, an alleged FBI informant who died over 30 years ago, may have played in the murders. (*See id.* at 5–8.) The FBI processed Plaintiffs' request over the next three years, eventually releasing 234 pages of documents while

refusing to confirm or deny the existence of records that "might tend to indicate whether Mr. Forsythe was an FBI informant." (*See* Dkt. No. 30 at 21–25.) Plaintiffs appealed the FBI's refusal—a so-called "*Glomar* response"—to the Office of Government Information Services, which held that the FBI had complied with FOIA.[1] (Dkt. No. 30-20 at 2–3.) Following their unsuccessful appeal, Plaintiffs filed their complaint in this action. (Dkt. No. 1.)

Plaintiffs now move to force the FBI to disclose whether it has records that might reveal whether Forsythe was an FBI informant. (*See* Dkt. No. 54 at 5–9.) In the alternative, Plaintiffs ask the Court to either (a) grant a continuance under Federal Rule of Civil Procedure 56(d) so that Plaintiffs can depose David Hardy, the FBI official who provided declarations explaining the FBI's response to Plaintiffs' FOIA request, or (b) review three FBI files *in camera* to determine if the FBI's *Glomar* response is justified. (*Id.* at 9–14.) The FBI cross-moves for partial summary judgment, arguing that its *Glomar* response is justified and that neither discovery nor an *in camera* review is needed. (*See* Dkt. No. 62 at 2–3.)

## II.     DISCUSSION

### A.     Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case, and a dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). In deciding whether there is a genuine dispute of material fact, the court must view the facts and justifiable inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Id.* at 255. The court is therefore prohibited from weighing the evidence or resolving disputed issues in the moving party's favor. *Tolan v. Cotton*, 572 U.S. 650, 657 (2014).

---

[1] Plaintiffs also appealed the FBI's decision to withhold information under FOIA Exemptions 3, 6, 7(C), and 7(E). (*See* Dkt. No. 30-20 at 2–3.) Those claimed exemptions are not at issue here.

"The moving party bears the initial burden of establishing the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102–03 (9th Cir. 2000). But once the moving party properly supports its motion, the nonmoving party "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). Ultimately, summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

### B. The FBI's *Glomar* Response

"FOIA calls for broad disclosure of Government records." *CIA. v. Sims*, 471 U.S. 159, 166 (1985). "However, Congress has recognized that public disclosure is not always in the public interest, and has therefore provided . . . nine exemptions listed in 5 U.S.C. § 552(b)." *ACLU v. U.S. Dep't of Def.*, 628 F.3d 612, 618 (D.C. Cir. 2011). One of those exemptions, Exemption 7(D), allows the Government to refuse to disclose records that are "compiled for law enforcement purposes" and that

> could reasonably be expected to disclose the identity of a confidential source . . . and, in the case of a record or information compiled by criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source.

5 U.S.C. § 552(b)(7)(D).

When a FOIA request implicates Exemption 7(D), the Government may respond to the request in one of two ways. First, the Government can acknowledge that responsive records exist but refuse to produce them because they would reveal the identity of a confidential source or information furnished by a confidential source. *See Pickard v. Dep't of Justice*, 653 F.3d 782,

786 (9th Cir. 2011). Second, if responding to the request would itself reveal the identity of a confidential source or information furnished by a confidential source, then the Government may provide a *Glomar* response by refusing to confirm or deny the existence of any records responsive to the request. *See id.* at 785–86.

Plaintiffs' FOIA request all but demands a *Glomar* response. The request seeks "[d]ocuments which refer to or describe [the FBI's] use of Mr. Forsythe as a confidential informant." (Dkt. No. 30 at 2–3.) Those documents include "the names of the people he worked for"; "any declarations, affidavits, or statements he signed"; and "whether he engaged in any surveillance . . . in his capacity as an informant." (*Id.* at 3.) Such documents, should they exist, "would pertain to the FBI's integrated law enforcement mission and function." (*Id.* at 22.) And if such documents are acknowledged by the FBI, then the FBI would necessarily reveal that it used Forsythe as a confidential informant and that Forsythe furnished certain information to the FBI. (*See id.* at 21–25.) Accordingly, Plaintiff's FOIA request is, as the FBI argues, "paradigmatic of requests that invoke a *Glomar* response." (Dkt. No. 62 at 8); *see* 5 U.S.C. § 552(b)(7)(D); *Pickard*, 653 F.3d at 785–86.

Nevertheless, Plaintiffs argue that the Government's *Glomar* response is inappropriate because "the public interest in disclosure far outweighs any privacy or law enforcement interests." (*See* Dkt. Nos. 54 at 6–7, 64 at 3–8) (capitalization omitted). But in focusing on the public's interest in disclosure, Plaintiffs appear to confuse Exemption 7(D) with Exemption 7(C). (*See* Dkt. No. 54 at 6–7) (citing cases addressing Exemption 7(C)).[2] Under Exemption 7(C), the

---

[2] Plaintiffs claim that "[u]nder traditional Exemption 7(C) and (D) analysis, once a privacy interest and/or law enforcement concerns have been identified and their magnitude assessed, it must be balanced against any recognized interest that would be served by disclosure." (Dkt. No. 54 at 7.) To support this claim, Plaintiffs cite three cases: *Roth v. Department of Justice*, 642 F.3d 1161, 1181–82 (D.C. Cir. 2011), *Hidalgo v. FBI*, 541 F. Supp. 2d 250, 255–56 (D.D.C. 2008), and *Johnson v. Department of Justice*, 2007 WL 3408458, slip op. at 4 (E.D. Wis. 2007). (*See id.* at 7–8.) All three cases involved Exemption 7(C); none made more than a passing reference to Exemption 7(D). *See Roth*, 642 F.3d at 1172–73 ("In providing its *Glomar* response . . . , the FBI relied on Exemptions 6 and 7(C) . . . .") ; *Hidalgo*, 541 F. Supp. 2d at 255 ("The FBI . . . has attempted to withhold the entire file under FOIA Exemptions 6 and

Government may refuse to produce records that "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). To determine if an invasion of privacy is "unwarranted," a court must "balance the privacy interests that would be compromised by disclosure against the public interest in release of the requested information." *David v. U.S. Dep't of Justice*, 968 F.2d 1276, 1281 (D.C. Cir. 1992). Exemption 7(D), by contrast, "does not involve a balancing of public and private interests; if the source was confidential, the exemption may be claimed regardless of the public interest in disclosure."[3] *Jones v. FBI*, 41 F.3d 238, 247 (6th Cir. 1994). Moreover, "[t]his per se limitation on disclosure . . . does not disappear if the identity of the confidential source later becomes known through other means." *L&C Marine Transp., Ltd. v. United States*, 740 F.2d 919, 925 (11th Cir. 1984); *see also Broward Bulldog, Inc. v. U.S. Dep't of Justice*, 939 F.3d 1164, 1189 (11th Cir. 2019) ("[T]he public domain doctrine does not apply to Exemption 7(D)."); *Parker v. Dep't of Justice*, 934 F.2d 375, 379–81 (D.C. Cir. 1991) (concluding based on Exemption 7(D)'s language, legislative history, and caselaw that an informant cannot "waive" the Government's right to invoke Exemption 7(D) by testifying publicly at trial). Thus, the Government's *Glomar* response is appropriate even though Forsythe is dead, even if Forsythe said in a deposition that he was an informant, and even if the public has an interest in knowing whether and how the FBI used Forsythe as an informant.[4] *See Jones*, 41 F.3d at 247; *Broward Bulldog, Inc.*, 939 F.3d at

---

7(C) . . . ."); *Johnson*, 2007 WL 3408458, slip op. at 3–4 ("In justifying its refusal to comply with plaintiff's document request, defendant relies solely on 5 U.S.C. § 552(b)(7)(C).") If Plaintiffs had looked at cases involving Exemption 7(D), they would have quickly discovered the marked differences between Exemptions 7(C) and 7(D). *See, e.g.*, *Jones v. FBI*, 41 F.3d 238, 246–47 (6th Cir. 1994).

[3] As used in Exemption 7(D), the term "confidential" means "given in confidence," not "secret." *Broward Bulldog, Inc. v. U.S. Dep't of Justice*, 939 F.3d 1164, 1189 (11th Cir. 2019). The Government may therefore refuse to disclose or acknowledge records that would reveal an informant's identity so long as the Government assured the informant that their identity would remain confidential. *See id.*

[4] It is debatable whether Forsythe "testified he worked for the FBI as an informant for years," as Plaintiffs claim. (Dkt. No. 54 at 4.) In a deposition, Forsythe made statements that suggest he

1189; *Parker*, 934 F.2d at 379–81. Accordingly, the Court DENIES Plaintiffs' request to strike the FBI's *Glomar* response and GRANTS the FBI's cross-motion for partial summary judgment on this issue.

### C. Rule 56(b) Continuance

Plaintiffs argue that if the Court is inclined to grant the FBI's motion, the Court should instead grant a Rule 56(d) continuance so that Plaintiffs can take a limited deposition of Hardy or someone else in the FBI. (*See* Dkt. No. 64 at 10.) According to Plaintiffs, this deposition would allow them to "probe for specific details with respect to the [FBI's] programs in general to protect CIs who have either voluntarily declared their status as a CI or who have been deceased." (*Id.*) Plaintiffs argue that these details are relevant because the FBI must explain why "its entire program to use confidential informants will be jeopardized by confirming or denying a self-professed CI, who died well over thirty years ago." (*See id.* at 3.)

Plaintiffs' argument conflates Exemption 7(D)'s goal with Exemption 7(D)'s requirements. Although Congress enacted Exemption 7(D) with a specific goal in mind—namely, "assist[ing] federal law enforcement agencies to obtain, and to maintain, confidential sources"—Congress drafted the exemption broadly to achieve that goal. *See Parker*, 934 F.2d at 380. To prevail at summary judgment, the FBI need only show that the broad language of Exemption 7(D) applies to Plaintiffs' FOIA request. *See Pickard*, 653 F.3d at 785–76 (explaining that the Government may provide a *Glomar* response if "answer[ing] the FOIA inquiry would cause harm cognizable under a FOIA exemption"). Hardy's declaration makes that showing because it explains why confirming or denying the existence of "[d]ocuments which refer to or

---

might have been an FBI informant. (*See* Dkt. No. 26-2 at 17–21.) For example, Forsythe said that he was "working for [the FBI]" and that this work "involve[d] [him] in . . . [the] use of . . . electronic surveillance equipment." (*See id.* at 19–20.) Forsythe also said that "physical harm could come to [himself]" if people knew "what [he] was involved in." (*Id.* at 19.) But when Forsythe was explicitly asked, "Were you an informant for the FBI," Forsythe did not directly answer the question. (*Id.*) Regardless, the Court's analysis does not depend on whether Forsythe said he was an informant. The Court therefore assumes that he did for the purposes of this order.

describe [the FBI's] use of Mr. Forsythe as a confidential informant," (Dkt. No. 30 at 2–3), would likely "disclose the identity of a confidential source" or "disclose . . . information furnished by a confidential source," 5 U.S.C. § 552(b)(7)(D). (*See* Dkt. No. 30 at 21–25.) Accordingly, further discovery is unnecessary. (*See* Dkt. No. 58 at 5) (prohibiting discovery because "[t]he FBI's declarations provide a sufficient factual basis for the Court to decide . . . whether [the FBI] properly withheld documents that it found"). The Court therefore DENIES Plaintiffs' request for a Rule 56(d) continuance.

### D. *In Camera* Review

Plaintiffs also ask the Court to review three FBI files *in camera* to "determine itself whether the *Glomar* defense is justified." (Dkt. No. 54 at 14.) But the Ninth Circuit has repeatedly warned that "*in camera* review is appropriate only if 'the preferred alternative to *in camera* review—government testimony and detailed affidavits—has first failed to provide a sufficient factual basis for a decision.'" *Maricopa Audubon Soc. v. U.S. Forest Serv.*, 108 F.3d 1089, 1093 n.2 (9th Cir. 1997) (quoting *Pollard v. FBI*, 705 F.2d 1151, 1154 (9th Cir. 1983)). And as previously explained, Hardy's declaration provides a sufficient factual basis for the Court to conclude that the FBI cannot respond to Plaintiffs' FOIA request without disclosing information that is exempt under Exemption 7(D). Accordingly, the Court DENIES Plaintiffs' request for *in camera* review.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiffs' motion to strike the FBI's *Glomar* defense, for discovery, and for *in camera* review (Dkt. No. 54) and GRANTS the FBI's cross-motion for partial summary judgment on its *Glomar* response (Dkt. No. 62).

//
//
//
//

DATED this 6th day of August 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE