THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHEAL E. WITHEY and SHARON MAEDA,<br><br>                Plaintiffs,<br>    v.<br><br>FEDERAL BUREAU OF INVESTIGATION (FBI),<br><br>                Defendant. | CASE NO. C18-1635-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiffs' motion for attorney fees and costs (Dkt. No. 122). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part and DENIES in part the motion for the reasons explained herein.

I.     **BACKGROUND**

The Court discussed the factual background of this Freedom of Information Act ("FOIA") case in a prior order and will not repeat it here. (*See* Dkt. No. 96.) There are no outstanding dispositive motions and the parties have stipulated that none will be filed. (Dkt. Nos. 114, 120.) Plaintiffs move, pursuant to 5 U.S.C. § 552(a)(4)(E), for an award of $397,385 in attorney fees and $2,393.08 in litigation costs, specifically, $192,840 in fees and $1,973.08 in costs for attorney plaintiff *pro se* Michael Withey, $134,865 in fees and $420 in costs for

attorney Fred Diamondstone, and $69,680 in fees for attorney Leah Snyder. (Dkt. Nos. 130 at 81, 131 at 22, 132 at 5.) Plaintiffs argue that the fees sought are reasonable and that none relate to time spent on areas that the parties agreed cannot serve as the basis for an award. (Dkt. No. 138 at 10.)

## II.  DISCUSSION

The Court may award "reasonable attorney fees and other litigation costs reasonably incurred in any [FOIA] case" where a plaintiff has "substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i), (ii). However, to be eligible for an award, the prevailing plaintiff "must present 'convincing evidence' that their suit 'had a substantial causative effect on the delivery of the information.'" *First Amend. Coalition v. U.S. Dep't of Just.*, 878 F.3d 1119, 1126 (9th Cir. 2017) (quoting *Church of Scientology of Cal. v. U.S. Postal Serv.*, 700 F.2d 486, 489 (9th Cir. 1983)). In addition, a plaintiff "must demonstrate . . . entitlement" to fees. *Or. Nat'l Desert Ass'n v. Locke*, 572 F.3d 610, 614 (9th Cir. 2009).

### A.  Michael Withey's Services

As a preliminary matter, the Court concludes that an attorney fee award based on Michael Withey's services would be inappropriate. Mr. Withey's work on the case was in the capacity of an attorney plaintiff *pro se*. *See Rich v. Exec. Off. of Immig. Rev.*, 2021 WL 50863, slip op. at 2 (W.D. Wash. 2021) (collecting cases barring fee awards based on services provided by attorney plaintiffs *pro se*). The purpose of FOIA's fee award provision is to "relieve plaintiffs with legitimate claims of the burden of legal costs; it was not intended as a reward for successful claimants or as a penalty against the government." *Manos v. U.S. Dep't of A.F.*, 829 F. Supp. 1191, 1193 (N.D. Cal. 1993). Plaintiffs, in arguing for an award based on Mr. Withey's time, rely primarily on *Rickley v. Cnty. of Los Angeles*, 654 F.3d 950 (9th Cir. 2011). (*See* Dkt. No. 138 at 5–6.)[1] But the case in inapposite. *Rickley* involved an attorney spouse—not an attorney

---

[1] Plaintiffs also cite non-controlling authority, (*see* Dkt. Nos. 122 at 20, 138 at 5), which the Court does not find persuasive in this instance.

plaintiff. 654 F.3d at 952.[2]

The complaint names Mr. Withey as a plaintiff. (*See* Dkt. Nos. 1, 2.) Mr. Withey, in a prior declaration to the Court, also described himself as a plaintiff, *i.e.*, an attorney plaintiff *pro se*. (*See* Dkt. No. 122 at 1.) In that declaration, Mr. Withey painstakingly describes his decades-long search for information on the Domingo and Viernes assassination, a matter he had a deep and personal interest in that predated this litigation by many years. (*Id.* at 17.) Of particular note is Mr. Withey's discussion in his present declaration[3] regarding the role the information that he gains from this case will serve in writing "the final chapter of the Domingo and Viernes story." (Dkt. No. 129 at 32.) Presumably this is the proverbial last chapter in the story Mr. Withey already told in his book, SUMMARY EXECUTION, THE SEATTLE ASSASSINATIONS OF SILME DOMINGO AND GENE VIERNES (WildBlue Press 2018), which he references in his declaration. (*Id.* at 5.)

Given his current and prior statements to the Court, it is clear that Mr. Withey has a significant personal interest in this matter that predated this suit by many years. Therefore, he is a plaintiff-in-fact, *i.e.*, an attorney plaintiff *pro se*. The time he spent pursuing this case was primarily to satisfy his own interests rather than that of his fellow plaintiff. On this basis, a fee award based on his time and costs is inappropriate.

**B.  Fees for Preparing the Complaint**

The parties stipulated that the "FBI will not dispute eligibility and entitlement for fees, for some portion of the time some Plaintiffs' attorneys billed to working on Plaintiffs' Complaint." (Dkt. No. 120 at 2.) That leaves, as the only remaining issue regarding complaint-

---

[2] The question before the *Rickley* court was whether an attorney spouse was categorically ineligible for a fee recovery under 42 U.S.C. § 1988 for time spent litigating a claim for her spouse. *Id.* at 955–57. While the *Rickley* court did suggest that "it is far from clear that Rickley would have been precluded from obtaining attorney's fees had [the attorney] been joined as a plaintiff," that statement is dicta and does not control the outcome of this matter. 654 F.3d at 957.

[3] Defendant moves to strike portions of the declaration because it contains impermissible argument. (Dkt. No. 135 at 5.) The Court did not consider those portions of the declaration so it need not address Defendant's motion.

ORDER
PAGE - 3

related fees, the reasonableness of the fees that Plaintiffs seek. *See Long v. Internal Revenue Serv.*, 932 F.2d 1309, 1314 (9th Cir. 1991). This is a function of the "reasonableness of (a) the number of hours expended and (b) the hourly fee claimed." *Id.* The Court can adjust this figure upward or downward based on the "nature and difficulty of the case," but "there is a 'strong presumption' that the lodestar figure is a reasonable award. *Id.*

Plaintiffs filed the complaint on November 9, 2018. (*See* Dkt. No. 1.) Mr. Diamondstone spent 40.6 hours through that date. (Dkt. No. 130 at 70–71.) Of this amount, 13.5 hours relate to matters Plaintiffs concede were not successful. (*Id.* at 9, 70–71.) Therefore, 27.1 hours of Mr. Diamondstone's time represents reasonable time spent in support of the complaint. The Court finds $450 to be a reasonable hourly rate for these services, based on Mr. Diamondstone's declaration. (*See generally* Dkt. No. 130.) Leah Snyder spent 27.5 hours through the date Plaintiffs filed the complaint. (Dkt. No. 131 at 6–8.) Of this amount, 2.3 hours relate to matters Plaintiffs concede were not successful. (*Id.* at 6.) Therefore, 25.2 hours of Ms. Snyder's time represents reasonable time spent in support of the complaint. The Court finds $350 to be a reasonable hourly rate for Ms. Snyder's services, based on her declaration. (*See generally* Dkt. No. 131.)

Based on the hours and rates described above, an award to Plaintiffs of $21,015 in fees and $400[4] in costs is reasonable. The fees are comprised of $12,195 for Mr. Diamondstone's services and $8,820 for Ms. Snyder's services.

C. **Post-Complaint-Related Fees**

Defendants made ten post-complaint FOIA releases. (*See* Dkt. No. 136 at 2–4 (declaration from FBI Section Chief of the Record/Information Dissemination Section Michael Seidel summarizing the releases).) The first two occurred early in 2019, before Plaintiffs began their motions practice and provided Defendants with certain public domain information. (*See* Dkt. Nos. 23, 54, 92.) The remainder occurred afterwards.

---

[4] Mr. Diamondstone paid the filing fee on Plaintiffs' behalf. (*See* Dkt. No. 130 at 71.)

To substantially prevail through their post-complaint efforts, and therefore be eligible for a fee award based on those efforts, Plaintiffs must have "obtain[ed] relief" through either: (1) "a judicial order, or an enforceable written agreement or consent decree;" or (2) "a voluntary or unilateral change in position by the agency, if the [plaintiff's] claim is not insubstantial." 5 U.S.C. § 552(a)(4)(E)(i)–(ii).

Here, no judicial order, written agreement or consent decree flowed from Plaintiffs' post-complaint efforts. *Id.* In fact, the *only* substantive order the Court issued (Dkt. No. 96) favored *Defendant*. Plaintiffs argue the Court's prior minute order suggests otherwise. (*See* Dkt. Nos. 122 at 5, 7; 138 at 4.) But this is not so. In the minute order, the Court observed that "[m]any of the issues addressed in the [parties' outstanding summary judgment] motions have since been mooted." (Dkt. No. 114 at 1.) This statement was intended to advise the parties that the Court believed some of the issues they sought summary judgment on had been mooted by (a) Defendant's production up to that point and (b) the Court's ruling on Defendant's *Glomar* response, but it was not clear *which* issues remained. So, the Court terminated all outstanding motions and directed the parties to file final motions once Defendant certified that it was finished producing documents. (*See* Dkt. No. 114.) An order *acknowledging* that a plaintiff obtained relief through other means is not equivalent to an order *providing* relief. *See Waage v. I.R.S.*, 656 F. Supp. 2d 1235, 1239 (S.D. Cal. 2009).

Therefore, Plaintiffs must *convincingly* demonstrate that their post-complaint activities resulted in a voluntary or unilateral change in Defendant's position. *First Amend. Coalition*, 878 F.3d at 1126; 5 U.S.C. § 552(a)(4)(E)(ii). Plaintiffs have not made this showing. The relevant contents of the Las Vegas files were promptly released once Defendant finally located the documents through updated searches. (Dkt. Nos. 30 at 20, 100 at 3–7.) This is simply the correction of an error—not a change in position. The public domain information was released once Defendant determined, albeit with Plaintiffs' help, that it was now publicly available. (*See* Dkt. No. 90 at 7–13; *see generally* Dkt. No. 115-1.) This is a change in circumstances—not a

ORDER
PAGE - 5

change in position.[5]

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorney fees and costs (Dkt. No. 122) is GRANTED in part and DENIED in part. The Court awards $21,015 in attorney fees and $400 in litigation costs in the following amounts:

- Fred Diamondstone - $12,195 in fees and $400 in costs
- Leah Snyder - $8,820 in fees

The Clerk is DIRECTED to close this case.

DATED this 28th day of June 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[5] The Court finds *Tchefuncta Club Est. v. U.S. Army Corps of Engineers* analogous. *See* 2011 WL 2037667 (E.D. La. 2011). In *Tchefuncta Club*, the U.S. Army Corps of Engineers withheld certain documents claiming a FOIA exemption for trade secrets and/or propriety confidential information. *Id.* at 1. Once the information became available through a public record, the agency released the documents. *Id.* The release was based on changed circumstances, *i.e.*, the documents' release into the public record, not a change in position. *Id.* at 2. The same is true here. The only difference is that the information was already in the public record—Defendant simply was not aware of it when it claimed its exemption. (*See* Dkt. No. 90 at 7–13; *see generally* Dkt. No. 115-1.). Once Plaintiffs made Defendant aware of it, Defendant released the information. (*See generally* Dkt. Nos. 122, 138.)